# EXHIBIT A

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
ID# 41140
By: BRETT WALKER, ESQUIRE
ID# 323003
1420 Walnut Street-Suite 1000
Philadelphia, Pennsylvania 19102
(215) 790-9996
Attorneys for Plaintiff

| | |
|---|---|
| Linda Giaccio <br> 610 Little Croft Rd, Upper Darby, PA 19082 <br> vs. <br> Target Corporation aka Target <br> 1900 Chestnut St, Philadelphia PA 19103 <br> and <br> Target Brands Inc. <br> 1900 Chestnut St, Philadelphia PA 19103 <br> and <br> Pennsylvania Real Estate Investment Trust <br> 200 S. Broad St, Philadelphia, PA 19102 <br> and <br> Simon Property Group Inc. <br> 225 W. Washington St, Indianapolis, IN 46204 <br> and <br> John Doe <br> 123 Main St, Anywhere, USA 00000 | **COURT OF COMMON PLEAS** <br> **PHILADELPHIA COUNTY** <br><br><br> TERM, 2020 <br><br> No. <br><br> CIVIL ACTION - COMPLAINT |

## COMPLAINT

**COMES NOW**, Plaintiff, **Linda Giaccio,** by and through her counsel, Louis B. Himmelstein & Associates, P.C., and claims damages of the Defendants, individually, jointly and/or severally, upon a cause of action whereof the following is a statement:

1. Plaintiff, **Linda Giaccio**, is an adult individual, citizen and resident of Upper Darby, Commonwealth of Pennsylvania, residing at the above captioned address and at all times herein material Plaintiff, **Linda Giaccio,** was caused to be struck and injured due to the negligence of Defendants.

2. Defendant, **Target Corporation aka Target,** (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania and at all times herein material it did own, and/or possess, and/or control, and/or maintain, and/or lease, and/or cause and allow a

dangerous condition to exist at the certain real premises more particularly described hereinafter wherein Plaintiff, **Linda Giaccio,** was caused to be injured, and it is further believed and therefore averred that Defendant(s) was charged with the responsibility to maintain and control the property and personnel at a certain **Target** located at and/or near 1200 Baltimore Pike, Springfield, PA 19064, including the inside premises, checkout area, mobility scooters and/or motorized shopping carts.

3. Defendant, **Target Brands Inc.,** (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania and at all times herein material it did own, and/or possess, and/or control, and/or maintain, and/or lease, and/or cause and allow a dangerous condition to exist at the certain real premises more particularly described hereinafter wherein Plaintiff, **Linda Giaccio,** was caused to be injured, and it is further believed and therefore averred that Defendant(s) was charged with the responsibility to maintain and control the property and personnel at a certain **Target** located at and/or near 1200 Baltimore Pike, Springfield, PA 19064, including the inside premises, checkout area, mobility scooters and/or motorized shopping carts.

4. Defendant, **Pennsylvania Real Estate Investment Trust,** (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania and at all times herein material it did own, and/or possess, and/or control, and/or maintain, and/or lease, and/or cause and allow a dangerous condition to exist at the certain real premises more particularly described hereinafter wherein Plaintiff, **Linda Giaccio,** was caused to be injured, and it is further believed and therefore averred that Defendant(s) was charged with the responsibility to maintain and control the property and personnel at a certain **Target** located at and/or near 1200 Baltimore Pike, Springfield, PA 19064, including the inside premises, checkout area, mobility scooters and/or motorized shopping carts.

5. Defendant, **Simon Property Group Inc.,** (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania and at all times herein

material it did own, and/or possess, and/or control, and/or maintain, and/or lease, and/or cause and allow a dangerous condition to exist at the certain real premises more particularly described hereinafter wherein Plaintiff, **Linda Giaccio,** was caused to be injured, and it is further believed and therefore averred that Defendant(s) was charged with the responsibility to maintain and control the property and personnel at a certain **Target** located at and/or near 1200 Baltimore Pike, Springfield, PA 19064, including the inside premises, checkout area, mobility scooters and/or motorized shopping carts.

6. Defendant, **John Doe**, is a fictitious individual meant to represent the owner and/or person in charge of maintenance and management of the Target located at 1200 Baltimore Pike, Springfield, PA 19064, who otherwise contributed to the reckless, wrongful, negligent, and/or illegal conduct complained of in this complaint which brought about the harm complained of herein. After a reasonable search, the actual name of this fictitious party is unknown. Within 20 days after the actual name of the Defendant has been identified, Plaintiff will file a motion to amend the complaint replacing the Doe designation with the actual name.

7. At all times herein material, Defendants were either acting individually and/or on each other's behalf and/or by and through their/its/her/her duly authorized agents, servants, workmen, bailees and/or employees all of whom were acting in the course and scope of their/her/its employment and in the furtherance of each of the Defendants' businesses and affairs.

8. At all times herein material and at the location and time described herein, Defendants did own, possess, control and/or maintain mobility scooters, motorized shopping carts and/or electric scooters, herein after referred to as "scooters."

9. On or about July 3rd, 2018, Defendants did individually, jointly and/or severally own, and/or possess, and/or maintain, and/or control certain real property located at and/or near 1200 Baltimore Pike, Springfield, PA 19064, including the inside floors, scooters and/or checkout area and/or self check out area at the premises commonly known as **Target** in the **Springfield Mall**.

10. On the aforesaid date, and for a long time prior thereto, there did exist, a hazardous condition on the premises, which consisted of a irregularity, defect, dangerous check out area, self checkout

isle that allowed scooters, dangerous scooters, scooters that could go too fast and/or not brake easily, and/or otherwise hazardous condition (hereinafter collectively also referred to as dangerous condition) which was left unattended by the Defendants, notwithstanding notice and inspection of this dangerous and hazardous condition by its/their employees, which condition presented an unreasonable risk of harm, a snare, trap, obstruction and impediment to business invitees such as Plaintiff, **Linda Giaccio**.

11. On or about July 3rd, 2018, Plaintiff, **Linda Giaccio,** was a shopper and business invitee at Defendants' store/premises located at 1200 Baltimore Pike, Springfield, PA 19064.

12. At the aforementioned time and location, Plaintiff was lawfully standing in the self-checkout isle/area, when she was struck by a scooter as a result of the carelessness, recklessness and negligence of the Defendants, thereby causing her to sustain serious, painful, permanent injuries and damages.

13. Plaintiff avers that the aforesaid dangerous condition on the premises was dangerous, apparent, open and known to the Defendants, but Defendants failed to correct said condition, and said dangerous condition had existed for a sufficient length of time prior to the aforesaid occurrence involving Plaintiff, **Linda Giaccio**, for the Defendants to have had actual and constructive knowledge or notice thereof.

14. Plaintiff, **Linda Giaccio**, avers that the Defendants knew and/or in the exercise of reasonable care should have known of the dangerous condition, prior to the incident and that the Defendants had a duty to inspect, maintain, repair and/or otherwise correct and remove the aforementioned dangerous condition but had failed to properly do so.

15. At all times herein material and relevant, the situs of the incident and real property where the dangerous condition existed was in the control, supervision, possession, and use by the Defendants, including the subject scooters.

16. At all times herein material, Defendants allowed patrons to use the scooters, but did not have any means or method in place for protecting other shoppers and business invitees such as Plaintiff, from being struck by said scooters.

17. It is believed and therefore averred that shoppers using the scooters were not provided with any instructions for their safe use, and therefore Defendants created a dangerous condition on the premises by having unskilled, uniformed, untrained and uninstructed operators/shoppers.

18. It is further averred that the motorized scooters were able to travel at an unreasonable speed under the circumstances making them dangerous to business invitees such as Plaintiff.

19. At all times herein material, the scooters were able to be operated in the self check out area where other shoppers are known to congregate thereby creating an unsafe environment and unreasonably increasing the likelihood that business invitees such as Plaintiff would be struck and injured.

20. The self check out area requires shoppers to turn their backs to the isle while using the register, thereby preventing them from seeing scooters and preventing them from being able to take evasive action.

21. At all times herein material and for a long time prior thereto, Defendants had a store layout that presented an unreasonable risk to business invitees such as Plaintiff, which did result in her injuries.

22. Defendants knew or in a reasonable exercise of care should have known that they had created a dangerous flow of traffic inside the store by virtue of allowing scooters into the area where Plaintiff was at the time or the impact.

23. Defendants deliberately created a floor plan that would encourage scooters to be driven through the area where Plaintiff was.

24. At all times herein material, Defendants created a dangerous condition by having a floor plan did not leave a lane of travel wide enough for scooters to safely navigate around pedestrian shoppers in the area where Plaintiff was thereby causing her to be struck and injured.

25. At all times herein material, there was no barrier, fencing, belt or other obstruction that would prevent scooters from operating too close to pedestrian shoppers in the area where Plaintiff was located, and this failure to have a barrier resulted in Plaintiff being struck on the subject date.

26. The scooters did not have reasonable and sufficient safety features. It is believed and averred that at the time of the incident, they did not have sensors that would cause the scooter to stop for objects in front of it, including shoppers and business invitees such as Plaintiff.

27. Plaintiff avers that the aforesaid defect and/or otherwise dangerous condition was apparent, open and visible to the Defendants, and existed for a sufficient length of time prior to the aforesaid occurrence for the Defendants to have had actual and constructive knowledge thereof.

28. All of the Defendants had a duty to maintain, repair, remove and/or otherwise correct the aforementioned dangerous condition but had failed to properly do so, which dangerous condition caused Plaintiff, **Linda Giaccio,** to be struck as Plaintiff was shopping at the Defendants' store.

29. The aforesaid incident was caused solely by the carelessness, recklessness and negligence of the Defendants and was in no manner whatsoever due to any act or failure to act on the part of the Plaintiff.

30. Plaintiff, **Linda Giaccio,** avers that the carelessness, recklessness and negligence of the Defendants, individually, jointly and/or severally, consisted, of the following:

   a) failing to prevent scooters from entering the self checkout area;

   b) failing to prevent scooters from entering the area where shoppers are known to congregate;

   c) failing to warn or otherwise notify the Plaintiff, and others similarly situated, of the said hazardous condition and/or otherwise dangerous condition;

   d) creating a dangerous condition in the shopping area and/or self checkout area;

   e) disregarding the rights, safety and position of the Plaintiff herein and others similarly situated;

   f) failing to correct or otherwise remedy the aforesaid dangerous/hazardous condition after being put on notice of same;

   g) failing to maintain the store and keep it in a safe condition so as not to constitute a snare, trap, obstruction, hazard or impediment to its visitors and business invitees such as Plaintiff lawfully on the premises;

   h) failing to properly and adequately inspect the said area to ascertain the existence of the dangerous and hazardous condition which existed;

i) failing to properly exercise their/its duty of supervision and control;

j) failing to provide adequate warning signs;

k) failing to properly and adequately correct the hazardous, dangerous and unsafe condition of the area;

l) being otherwise careless, reckless and negligent;

m) failing to exercise due care under the circumstances;

n) failing to provide instructions for users of the scooters;

o) allowing scooters in the area where Plaintiff was situated and/or in the self check out area;

p) failing to inspect the scooters to ascertain whether they were safe for use;

q) failing to use the required degree of due care for business invitees such as plaintiff;

r) being otherwise negligent as may be more fully revealed during discovery or at the time of trial of this matter;

s) failing to place barricades and/or barrels and/or barriers to prevent access to pedestrian shoppers in the area where Plaintiff was;

t) failing to properly instruct its agents, servants, workmen, employees, representatives, business associates and/or contractors;

u) failing to properly maintain the premises and failing to properly maintain and/or manage the floors;

v) failing to warn or otherwise notify the Plaintiff, and others similarly situated of the said defective or otherwise dangerous condition;

w) disregarding the rights, safety, and position of the Plaintiff, who was a business invitee and failing to use required degree of due care;

x) creating a floor plan that did not allow sufficient room for scooters to maneuver around other shoppers;

y) allowing scooters to operate in an area where other shoppers would not be able to see them or get out of the way;

z) allowing the scooters to be operated at an unsafe speed;

AA) failing to have an automatic stopping mechanism on the scooter so that it could not run into pedestrians;

BB) failing to have a designated exit and/or checkout area for the scooters;

CC)  failing to have any warning signs;

DD)  failing to provide a safe shopping environment for its customers such as Plaintiff, **Linda Giaccio**;

EE)  failing to properly train their/its agents, servants, workmen, employees, representatives, business associates and/or contractors;

FF)  failing to use a different floor plan;

GG)  allowing scooters access to the line of pedestrian shoppers;

HH)  failing to have proper and/or sufficient brakes on the scooter(s);

II)  failing to have regularly regimented mechanical inspections of the scooters;

JJ)  failing to properly supervise her/its agents, servants, workmen, employees, representatives, business associates and/or contractors;

KK)  allowing a scooter in disrepair to be operated on the premises;

LL)  failing to maintain the said inside premises, isle floors, and inside floors used by pedestrians in a condition that would protect and safeguard persons such as the Plaintiff lawfully situated thereon;

MM)  allowing a scooter to be operated on the premises that was not safe for the purpose;

NN)  failing to provide more space around Plaintiff;

OO)  disregarding the rights, safety, and position of the Plaintiff, who was a business invitee and failing to use required degree of due care;

PP)  failing to hire enough maintenance and/or janitorial staff;

QQ)  failing to have enough maintenance and/or janitorial staff on duty on the aforesaid date;

RR)  knowing full well that shoppers were being struck with these scooters and taking no action whatsoever to prevent it;

SS)  knowing that the scooters were not safe for use in the store, but allowing them to be used anyway;

TT)  failing to make improvements to the real property which would direct the flow of shopper traffic and in particular scooters, so as to keep other shoppers safe.

31.  As a sole result of the aforementioned accident, caused by the negligence, carelessness and recklessness of the Defendants individually, jointly and/or severally, Plaintiff, **Linda Giaccio,** has sustained

Case ID: 200501701

serious, painful and permanent injuries, internally and externally, to her head, neck, back, shoulders, chest, arms, hands, hips, legs, ankles and/or feet, and/or the bones, cartilages, ligaments, muscles, nerves, blood vessels and soft tissues attached thereto were fractured, herniated, wrenched, bruised, and otherwise injured, including but not limited to right ankle sprain and strain, contusions to the foot/ankle; she suffered other serious orthopedic and neurological injuries, any and/or all of which are and/or may be aggravations of pre-existing conditions, the full extent of which have not as yet been ascertained; she sustained a severe shock to her nerves and nervous system; she has suffered excruciating and agonizing aches, pains and mental anguish, some or all of which are or may be permanent in nature.

32. Further, by reason of the injuries sustained by Plaintiff, **Linda Giaccio**, she has suffered and will continue to suffer great mental anguish, physical pain, and she has been hindered and prevented from performing and engaging in her usual labor, employment, duties, occupations, household chores, and pleasures thereby resulting in a loss, depreciation and diminution of her earnings and earning capacity, all to her great and continuing detriment and loss.

33. Furthermore, Plaintiff, **Linda Giaccio**, has required various hospital, physician and medical treatment and care, and consequently she has incurred hospital, physicians and medical bills and expenses in and about an effort to cure herself of the aforesaid injuries, and she shall be obliged to continue to obtain hospital and medical treatment and to make such expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

34. As a direct and sole result of the accident, Plaintiff, **Linda Giaccio,** has or may hereinafter incur other financial expenses and/or losses, and also loss of services and earnings and other items of damage all to her great and continuing detriment and loss, and a claim for which is hereby also made.

35. As a further result of the instant occurrence, Plaintiff, **Linda Giaccio**, has suffered an injury which is, may and shall be in full or in part, a serious impairment of and/or a permanent loss of a bodily function, a permanent serious disfigurement and/or a permanent dismemberment, which is or shall be permanent, irreparable and severe.

**WHEREFORE**, Plaintiff, **Linda Giaccio**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

## COUNT ONE
## PLAINTIFF vs. TARGET CORPORATION aka TARGET

35.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, inclusive, as fully as though set forth herein at length.

36.     As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Linda Giaccio,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Linda Giaccio**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

## COUNT TWO
## PLAINTIFF vs. TARGET BRANDS INC.

37.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, inclusive, as fully as though set forth herein at length.

38.     As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Linda Giaccio,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Linda Giaccio**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

## COUNT THREE
## PLAINTIFF vs. PENNSYLVANIA REAL ESTATE INVESTMENT TRUST

39.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, inclusive, as fully as though set forth herein at length.

40.     As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Linda Giaccio,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Linda Giaccio**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

## COUNT FOUR
## PLAINTIFF vs. SIMON PROPERTY GROUP INC.

41. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, inclusive, as fully as though set forth herein at length.

42. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Linda Giaccio,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Linda Giaccio**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

## COUNT FIVE
## PLAINTIFF vs. JOHN DOE

43. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, inclusive, as fully as though set forth herein at length.

44. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Linda Giaccio,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Linda Giaccio**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.

By: /s/ Louis B. Himmelstein
LOUIS B. HIMMELSTEIN, ESQUIRE
Attorneys for Plaintiff

Case ID: 200501701